UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | CV-17-00611-JAK (KES) | **Date** | Feb. 6, 2017 |
| **Title** | Robert Lee Anderson, Jr. v. Neil McDowell, Warden | | |

**Present: The Honorable**  Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| **Deputy Clerk** | **Court Reporter / Recorder** |
| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
| n/a | n/a |

**Proceedings:**  (In Chambers) Order to Show Cause why Petition Should Not Be Dismissed as Mixed

**BACKGROUND**

On January 16, 2017, Robert Lee Anderson, Jr. ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his state court convictions for committing lewd acts upon two children, I. and R, for which he was sentenced to two consecutive 15-year terms. See People v. Anderson, Case No. B259312, 2016 Cal. App. Unpub. LEXIS 4129 (Cal. Ct. App. June 6, 2016).

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). If all or some of the claims have not been exhausted, then the petition is subject to dismissal. Id.

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying

---

[1] "Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted); Houston v. Lack, 487 U.S. 266 (1988). A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam, as amended).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | CV-17-00611-JAK (KES) | **Date** | Feb. 6, 2017 |
| **Title** | Robert Lee Anderson, Jr. v. Neil McDowell, Warden | | |

O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Alternatively, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." Id. at 1135. Under Kelly, however, the petitioner is only allowed to amend newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005); Stein v. Director of Corrections, 2009 WL 4755727, at *2 (E.D. Cal. Dec. 8, 2009).

## ANALYSIS

The instant Petition raises five grounds for relief:

Ground 1: Violation of Petitioner's 6th Amendment Confrontation Clause rights because the victims did not testify at trial and the trial court allowed their preliminary hearing testimony to be read into the record.

Ground 2: Violation of Petitioner's rights to due process and a fair trial because he was unable to cross-examine the victims at trial.

Ground 3: Violation of Petitioner's rights to due process and a fair trial because the trial court gave a California jury instruction regarding consciousness of guilt. This was based on testimony by witness G.G. that she overheard Petitioner asking his son J. for forgiveness for molesting him as a child, and G.G.'s testimony that Petitioner offered to pay her immigration attorney's fees if she kept quiet about it. Petitioner argues that this evidence misled the jury because it had "nothing to do with the charged offenses" (since he was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | CV-17-00611-JAK (KES) | **Date** | Feb. 6, 2017 |
| **Title** | Robert Lee Anderson, Jr. v. Neil McDowell, Warden | | |

charged with molesting J.) and because J. "denied everything."

Ground 4: Violation of Petitioner's right to due process because the trial court allowed admission of evidence that Petitioner molested J.

Ground 5: The trial court erred by admitting G.G.'s hearsay testimony regarding the molestation of J., because J. "denied the conversation ever took place" and Petitioner was not charged with molesting J. Petitioner argues that this evidence misled the jury.

(Dkt. 1 at 5-6.)

Grounds 2, 3, and 4 appear to be exhausted, because they were raised in the petition for review that Petitioner filed in the California Supreme Court. The petition for review is attached as an exhibit to the federal Petition. (Dkt. 1 at 18-32.) However, Grounds 1 and 5 appear to be unexhausted because they were not raised in the petition for review and Petitioner states that he has not filed any state habeas petitions. (Id. at 3 ¶ 6.)

Regarding Ground 1, the victim's failure to testify was raised in the petition for review, but Petitioner argued the failure violated his right to a fair trial and his right to a jury trial (Ground 2 of the federal Petition). He did not raise a Confrontation Clause claim. (Id. at 25-27.)

Regarding Ground 5, the admission of G.G.'s testimony was raised in the petition for review, but Petitioner argued this evidence was insufficient to support the jury instruction regarding consciousness of guilt (Ground 3 of the federal Petition) and that it violated his due process rights (Ground 4 of the federal Petition) and California Evidence Code section 1108. (Id. at 28-29-32.) To the extent Ground 5 is raising solely the latter argument, i.e., that the admission of the evidence was incorrect as a matter of California law, this claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

**CONCLUSION**

On or before **March 6, 2017**, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) State that Petitioner would like to proceed only with the exhausted claims[2] (Grounds

---

[2] The Court notes that the unexhausted Grounds 1 and 5 appear to be very similar to other, exhausted claims raised in the Petition. It therefore appears that Petitioner would suffer little prejudice if he decides to dismiss these claims and proceed only on the exhausted claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**Case No.**  CV-17-00611-JAK (KES)  **Date**  Feb. 6, 2017

**Title**  Robert Lee Anderson, Jr. v. Neil McDowell, Warden

2, 3, and 4),

(2) Explain when/how Petitioner believes Grounds 1 and 5 were exhausted in state court, or

(3) File a motion to stay this action, to permit him to return to state court to exhaust Grounds 1 and 5. As discussed above, a stay may be available under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) if Petitioner can show "good cause" for his failure to exhaust his claims earlier, or under <u>Kelly v. Small</u>, 315 F.3d 1143 (9th Cir. 2003).

: 

Initials of Clerk   mba for jd